UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
Richard McFadden,

                Petitioner,

                v.

United States of America,

                Respondent.
------------------------------------------------------------- x

**ORDER DENYING PETITION FOR SENTENCE REDUCTION**

00 Cr. 671 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       In May 2001, Petitioner Richard McFadden was sentenced principally to 290 months' imprisonment and three years of supervised release after pleading guilty to three charged counts: conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); and use of a firearm during a narcotics offense in violation of 18 U.S.C. § 924(c). McFadden now petitions *pro se* for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and sections 502 and 503 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194. The petition is denied.

       Section 3582(c)(2) provides:

> *The court may not modify a term of imprisonment once it has been imposed except that . . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

(emphases added). Section 1B1.10(a) of the United States Sentencing Guidelines outlines the relevant "policy statement[]" and states that a petitioner may only receive a sentence reduction

1

under section 3582(c)(2) if that petitioner's Guidelines range was changed by an amendment listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a). Section 1B1.10(d) lists the following amendments as having been issued after McFadden's sentence date: 657, 702, 706 as amended by 711, 715, 750. Because McFadden does not state which amendment, if any, he feels entitles him to a sentence reduction, his petition is denied as to section 3582(c)(2), with leave to file a new motion specifying any such amendment within 45 days of the issuance of this order.

Turning to the First Step Act, McFadden points to sections "502" and "503" thereof. To start, it appears that McFadden means to refer to sections *602* and *603* as he uses the titles of 602 and 603 (and quotes language therefrom) when discussing sections 502 and 503. (This inference is also supported by the fact that sections 502 and 503 are clearly irrelevant, *e.g.*, section 503 concerns, *inter alia*, the process of auditing certain recipients of federal funds.) Neither section 602 nor 603 entitles McFadden to a sentence reduction. Section 602 amends 18 U.S.C. § 3624(c)(2); post-amendment, section 3624(c)(2) states that the Bureau of Prisons may place a prisoner in home confinement for the shorter of ten percent of the sentence or six months—here, six months is by far the shorter, and McFadden acknowledges in his instant motion that he is set to be placed on home detention six months before his release date. And section 603 amends 34 U.S.C. § 60541, but, as relevant here, that statute does not apply to those convicted of a "crime of violence"—McFadden pled guilty to attempted murder, which is a crime of violence, *see, e.g., United States v. Delligatti*, 15-cr-491, 2018 WL 9539130, at *3 (S.D.N.Y. Feb. 8, 2018) ("There can be no serious argument that . . . attempted murder constitute[s a] crime of violence."). On top of that, section 60541 by its own terms relates to the *Attorney General* overseeing a prisoner reentry program, and does not enable a Court to decide which prisoners shall be eligible for the program. *Cf. United States v. Egan*, (accepting argument that section 60541 "plainly provides the Attorney General—and not the Court—the

2

discretion to determine which eligible offenders will be released to home confinement"). For these reasons, McFadden's claims under the First Step Act are dismissed, with prejudice.

## Conclusion

For the reasons set forth above, McFadden's petition is denied. The Court grants McFadden leave to refile a new petition within 45 days hereof as to his claims under 18 U.S.C. § 3582(c)(2), in which McFadden must identify the amendment(s) to the Sentencing Guidelines that he feels entitle him to a sentence reduction. McFadden's claims under the First Step Act are dismissed with prejudice.

SO ORDERED.

Dated: New York, New York
March 19, 2020

_____/s/_____
ALVIN K. HELLERSTEIN, U.S.D.J.